# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
　　　　**Plaintiff,**

　　**v.**　　　　　　　　　　　　　　**Case No. 08-CR-172**

**JEREMY HENDON**
　　　　**Defendant.**

---

## ORDER

On January 15, 2009, Magistrate Judge Gorence ordered defendant Jeremy Hendon

detained pending trial.  Judge Gorence found, based on the strength of the government's case

and defendant's history, which included drug use, previous failures to appear and bail jumping

charges, that defendant's proposal of release on a $50,000 bond (secured by equity in his

father's house) was insufficient.[1]

On August 3, 2009, defendant filed a motion for bail review, which I referred to Judge

Gorence.  In the motion, defendant indicated that his mother had agreed to pledge her home,

valued at $55,000, as bond.  He further indicated that if released he would live with his mother,

an employee of M & I Bank for over thirty years, and comply with any other conditions set by

the court, including drug testing and electronic monitoring.  Judge Gorence denied the motion

in an order dated August 14.  Defendant now seeks review of that order pursuant to 18 U.S.C.

§ 3145(b).

### I.  STANDARD OF REVIEW

Under § 3145, the district court reviews a magistrate judge's bail decision de novo.

---

[1]Defendant now concedes that no equity exists in his father's house.

United States v. Portes, 786 F.2d 758, 761 (7th Cir. 1985); United States v. Jones, 804 F. Supp. 1081, 1086 (S.D. Ind. 1992). The district judge may "start from scratch" and hold a new hearing or review the proceedings before the magistrate. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). Neither side requests a de novo hearing in this case, and I find the record made before the magistrate judge sufficient to conduct review.

## II. BAIL STANDARDS

A defendant charged with an offense may be released on personal recognizance, released on conditions, temporarily detained to permit revocation of conditional release, or detained. 18 U.S.C. §§ 3142(a) & (e). In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the court considers: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

If the judicial officer finds probable cause to believe that the defendant committed a drug offense for which the maximum penalty is ten years or more, a rebuttable presumption arises that no condition(s) will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. 3142(e). An indictment charging such an offense is sufficient to trigger the presumption. United States v. Dominguez, 783 F.2d 702, 706 n.7 (7th Cir. 1986). The presumption shifts the burden of production to the defendant to come forward with some evidence that if released he will not flee or endanger the community. Portes, 786 F.2d at 764. Even if it is rebutted, the presumption nevertheless remains in the case as an evidentiary

2

finding militating against release, although the ultimate burden of persuasion rests with the government.  Dominguez, 783 F.2d at 707.

Finally, a defendant, once detained, can seek to re-open the detention hearing under 18 U.S.C. § 3142(f)(2), which provides:

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2).  Thus, in order to obtain reconsideration of the detention decision, a defendant must present evidence that was not previously available and which is relevant to the determination of his risk of flight or danger to the community.  United States v. Alonso, 832 F. Supp. 503, 504 (D.P.R. 1993) (citing United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991)).

### III.  DISCUSSION

The instant bond proposal does technically contain new information, i.e. the posting of equity in defendant's mother's home, as opposed to his father's.  However, as Judge Gorence noted, the overall proposal is virtually identical to the previous one.  Reviewing the matter de novo, I agree with Judge Gorence that the proposal is insufficient.

The charges against defendant – conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of crack, as well as three substantive counts alleging distribution of 50 grams or more of crack – are extremely serious.  Defendant contends that he is not one of the major players in the case.  Nevertheless, if convicted, he faces 10 years to life on each count, with the minimum increased to 20 years if the government files an information under 21 U.S.C.

3

§ 851 based on a prior felony drug conviction.  Further, the evidence against defendant, which includes a wiretap, three controlled buys and several co-defendant cooperators, appears to be strong.

Defendant also has a serious prior record, and while he may not have previously served prison time, he does have convictions for escape and bail jumping.  He also appears to have significant substance abuse issues and a lack of any meaningful employment record.  His parents' work records cannot be attributed to him.  Defendant indicates that he continues to recover from a gun shot wound to the leg, which restricts his mobility.  However, he presents no evidence of any significant limitation.  Defendant also notes that he was not on supervision at the time he allegedly committed the instant offenses, and that he has never been on adult supervision.  However, I must consider his record of failing to comply with conditions of release and of confinement, as evidenced by his prior convictions. While defendant does appear to have family and other ties to the area, with no identifiable place to flee to, I cannot conclude that his proposal is sufficient to overcome the facts discussed above.  Therefore, I decline to re-open the detention hearing and set conditions of release.

### IV.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's request for review (R. 508) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of September, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

4